HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR08-354RAJ |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE |
| v. | |
| JOSHUA OSMUN KENNEDY, | |
| Defendant. | |

THIS MATTER comes before the Court on defendant's motion to terminate supervised release. The essence of defendant's argument is that because he has completed his prison sentence, paid restitution to the victims, lost his job, and successfully completed treatment, his supervised release should be terminated.

In support of defendant's motion, he submitted a letter from his treatment provider, Mr. Robert Hirsch, representing that he has successfully completed treatment (Dkt. #222). Mr. Hirsch concludes that Mr. Kennedy poses "absolutely no public safety risk," and that he supports his efforts to be released from his probation requirement (Dkt. #222, p. 5).

The Government opposes this motion pointing first to the defendant's two earlier violations of supervised release. In addition, the government minimizes the extent of the defendant's progress on supervised release and notes that while he has made progress, he has failed to demonstrate exceptionally good behavior to justify early termination of his 15-year term of supervised release.

ORDER DENYING DEFENDANT'S
MOTION TO TERMINATE SUPERVISED
RELEASE - 1

Title 18 U.S.C. Section 3583 (e)(1) states that: "The court may, after considering the factors set forth in Section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7), terminate a term of supervised release and discharge the person released at any time after the expiration of one year of supervised release…if it is satisfied that such action is warranted by the conduct of the person released and in the interest of justice."

In considering this statute the Court has considered each of the applicable sections as applied to the defendant. While the Court believes that the defendant has engaged in laudable efforts in fulfilling his responsibilities of supervised release, notably the payment of a large amount of restitution and completion of treatment, these efforts are exactly what the court would expect of any individual on supervised release…compliance with the conditions as ordered by the court.

What is of significant concern to the court is the nature of the offense of conviction which involved use of a computer on numerous occasions to view child pornography. Possession of child pornography is a serious crime. While the defendant has successfully completed his treatment, the court is underwhelmed by the fact that the defendant has been on supervised release for only a limited period of time, *i.e.*, three years. This limited amount of performance on supervised release combined with defendant's prior history of bond violations and supervised release violations clearly reflect the need for continued protection of the public.

This Court does not foreclose the opportunity for the defendant to renew this motion sometime in the future assuming he demonstrates continued success on supervised release. But, now is not that time and the Court finds that the defendant has at best demonstrated admirable success on supervised release, but not the duration of success to fit in the range of exceptionally good behavior to warrant early termination.

///

///

ORDER DENYING DEFENDANT'S
MOTION TO TERMINATE SUPERVISED
RELEASE - 2

For these reasons, the defendant's motion to terminate supervised release (Dkt. #220) is DENIED.

DATED this 8th day of January, 2016.

*Richard A. Jones* (signature)

The Honorable Richard A. Jones
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION TO TERMINATE SUPERVISED
RELEASE - 3