HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOSHUA OSMUN KENNEDY,<br><br>　　　　Defendant. | Cause No.  CR08-354RAJ<br><br>ORDER DENYING DEFENDANT'S RENEWED MOTION TO TERMINATE SUPERVISED RELEASE |

　　　　THIS MATTER comes before the Court on defendant's renewed motion to terminate supervised release.  The Government opposes this motion, arguing that while defendant's progress is certainly commendable, it is insufficient to show that the interest of justice would be served by shortening the term of supervised release.  The Court agrees.

　　　　Title 18 U.S.C. Section 3583 (e)(1) states that: "The court may, after considering the factors set forth in Section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7), terminate a term of supervised release and discharge the person released at any time after the expiration of one year of supervised release…if it is satisfied that such action is warranted by the conduct of the person released and in the interest of justice."

　　　　In considering this statute the Court has considered each of the applicable sections as applied to the defendant.  While the Court believes that the defendant has engaged in

ORDER DENYING DEFENDANT'S
RENEWED MOTION TO TERMINATE
SUPERVISED RELEASE - 1

laudable efforts in fulfilling his responsibilities of supervised release, these efforts are exactly what the Court would expect of any individual on supervised release.

What is of significant concern to the court is the nature of the offense of conviction which involved use of a computer on numerous occasions to view child pornography.  Possession of child pornography is a serious crime. While the defendant has successfully completed his treatment, the Court is underwhelmed by the fact that the defendant has been on supervised release for a limited period of time.  This limited amount of performance on supervised release, combined with defendant's prior history of bond violations and supervised release violations, clearly reflect the need for continued protection of the public.

The Court does not foreclose the opportunity for the defendant to again renew this motion sometime in the future assuming he demonstrates continued success on supervised release. While defendant's progress and efforts are commendable, the Court finds that termination of supervision at this time would be premature.

For these reasons, the defendant's renewed motion to terminate supervised release (Dkt. #231) is DENIED.

DATED this 13th day of February, 2017.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER DENYING DEFENDANT'S
RENEWED MOTION TO TERMINATE
SUPERVISED RELEASE - 2